Jose Luis VALENZUELA *v.* STATE of Arkansas

CA CR 03-373                                            189 S.W.3d 440

Supreme Court of Arkansas
Opinion delivered July 1, 2004

*Charles E. Waldman,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Misty Wilson Borkowski,* Ass't Att'y Gen., for appellee.

P ER CURIAM. Appellant, Jose Luis Valenzuela, was convicted and judgment was entered on August 27, 2002, when he was represented by attorney Ralph Blagg. His notice of appeal was filed on September 27, 2002 — one day late — by Charles E. Waldman, a Tennessee attorney who is not authorized to practice law in Arkansas and who was not associated with Blagg. The trial court dismissed the appeal for failure to file a timely notice of appeal. Within thirty days after the dismissal order, Waldman filed another notice of appeal. When the record was tendered to the clerk, the clerk refused to accept it for filing because of the untimely notice of appeal from the conviction judgment. Eventually, Blagg, who had not requested to be relieved as Valenzuela's attorney, accepted responsibility for the late tender of the record, and the court granted appellant's motion for rule on the clerk and ordered the record to be filed. *See Valenzuela v. State,* 353 Ark. 653, 113 S.W.3d 80 (2003).

Next, the State moved to dismiss, stating both notices of appeal had been signed by Waldman and were ineffective because he was not licensed to practice law in Arkansas. It is pointed out that Blagg's motion for rule on the clerk and the supreme court's decision to docket the appeal was based solely on the untimeliness of the filing of the record; however, an appellate court has not yet decided (1) whether an appeal should go forward in light of the failure to file a timely notice of appeal, and (2) whether both notices of appeal were ineffective because they were signed by Waldman, who was not a licensed attorney in this state. The State's motion to dismiss claimed certain jurisdictional grounds had not yet been addressed in this case.

In a per curiam in this case delivered on April 22, 2004, our court noted that disciplinary proceedings were pending against Waldman in *McKenzie v. State,* 356 Ark. 122, 146 S.W.3d 892

(2004), and, therefore, we held the Valenzuela case and the State's motion to dismiss should be held in abeyance. Neither this court nor the court of appeals has acted on the jurisdictional issues set out above because Waldman was the subject of disciplinary proceedings in the *McKenzie* case by acting unlawfully as an attorney. In *McKenzie*, this court appointed a special master to conduct a hearing and make findings on the contempt issue. Today, this court decided pertinent procedural and substantive issues in the *McKenzie* case, and this court also found that Waldman violated court orders and was guilty of contempt by declining to associate an attorney who is licensed in Arkansas. We further enjoined Waldman from engaging in the practice of law in Arkansas.

In sum, we note the court in the *McKenzie* case has accepted the special master's findings and conclusions made concerning Waldman; Waldman is enjoined from practicing law in Arkansas. Thus, we may now proceed in the instant appeal, and do so first by directing the clerk of the supreme court and court of appeals to notify both Mr. Valenzuela and Mr. Waldman that the court will accept no further pleadings in this matter and the clerk shall remove Waldman's name as Valenzuela's attorney. Because the record reflects Valenzuela is an indigent, new counsel will promptly be appointed to represent him in this appeal. After taking this action, this court leaves this appeal with the court of appeals to address and decide the motion to dismiss and other pending and associated jurisdictional issues. *See* Rule 1-2(d) of the Rules of the Supreme Court and Court of Appeals.